165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Silas BRAXTON, Plaintiff-Appellant,
v.
CHEMICAL LOCAL 7-776, et al., Defendants-Appellees.
 No. 98-1417.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 15, 1998.*
Decided Nov. 12, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 94-326-WLB. William L. Beatty, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. MICHAEL S. KANNE, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Silas Braxton filed a "motion to set aside" two orders of the district court disposing of certain counts of his complaint in favor of the defendants. Mr. Braxton filed the motion more than ten days after the court issued the orders, but nearly a month before the court entered a final judgment. The district court nevertheless believed that these motions were governed by Rule 60(b). Because the district court erred in treating Braxton's motion as a 60(b) motion, we reverse its judgment and remand for further proceedings consistent with this opinion.
 
 
 2
 Mr. Braxton was shot in the hand by two individuals; the incident took place away from his workplace. An employee of Amoco Petroleum Additives Company ("Amoco"), Mr. Braxton received short and long-term disability benefits and was ultimately diagnosed as having a permanent hand injury. Subsequently Amoco notified him that he would be terminated because he had exhausted the available benefits and the company had no available job for which he was qualified.
 
 
 3
 Mr. Braxton then filed a grievance. When his union did not pursue its denial, he filed an action against Amoco; Oil, Chemical & Atomic Workers International Union ("International"); and Oil, Chemical & Atomic Workers International Union, AFL-CIO Local 7-776 ("Local"). Braxton's fourth amended complaint alleged a breach of the duty of fair representation against Local (Count I), a breach of the same duty against International (Count II), a breach of the collective bargaining agreement against Amoco (Count III), a violation by Amoco of the Americans With Disabilities Act (Count IV), and a claim for punitive damages (Count V). Following protracted proceedings, however, Braxton failed to respond to the defendants' motions to dismiss and for summary judgment. On October 2, 1997, the district court dismissed Counts II and V. On December 10, 1997, the district court granted summary judgment in favor of Local on Count I.
 
 
 4
 On January 23, 1998, Mr. Braxton filed a "motion to set aside" the rulings of October 2, 1997 and December 10, 1997. Braxton argued that he should be given a second chance to argue his case because his attorney had failed to enter an appearance or to respond to the defendants' motions. On February 9, 1998, the district court denied Braxton's motion, indicating that it "was not timely filed under F.R.C.P. 59 and failed to state any ground for relief under F.R.C.P. 60(b)." It is this order he now appeals. On February 12, 1998, the district court granted motions to dismiss the two remaining counts. Notably, not until February 18 did the court enter a final judgment disposing of the case.
 
 
 5
 Rule 60(b), the rule upon which the district court relied in deciding Mr. Braxton's motions, is designed to provide relief from judgment "in exceptional circumstances"--such as excusable neglect or manifest injustice--necessitating an "extraordinary remedy." Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc., 131 F.3d 625, 628 (7th Cir.1997). Here, however, no final judgment had been entered at the time that the district court ruled on these motions. Therefore, Rule 60(b) is inapplicable. Although Mr. Braxton was asking the district court to review matters that the district court had already decided in the course on this litigation, the court was free, subject to the constraints provided by the law of the case doctrine, to revisit its earlier rulings. Although the law of the case doctrine counsels that decisions made in the course of litigation should be revisited only when a substantial reason exists for such reconsideration, see Alston v. King, No. 97-3760, 157 F.3d 1113, 1998 WL 713794, at * 2 (7th Cir. October 14, 1998), the law does not place on the litigant the same burden imposed by Rule 60.
 
 
 6
 Because the district court decided these matters under an erroneous standard of review, we must reverse the judgment and remand this matter to the district court for reconsideration. We express no view on the merits of the underlying motions. Accordingly, we reverse the judgment of the district court and remand the case for further proceedings in conformity with this order.
 
 REVERSED and REMANDED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)